IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**October 24, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAMES B.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-172**   (Fam. Ct. Kanawha Cnty. Case No. FC-20-2017-D-616)

**KRISTIN R.,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner James B. ("Father")[1] appeals the Family Court of Kanawha County's March 31, 2025, contempt order holding him in contempt for violating the parties' parenting plan and awarding attorney's fees to Respondent Kristin R. ("Mother"). Mother responded in support of the family court's decision.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, Father and Mother were never married but share one child, born in 2014. The parties have operated under the same mediated parenting plan since July 2017, wherein Mother is the designated legal custodian during odd years and Father in even years. Pursuant to the parenting plan, Mother was to have the child on New Year's Day during odd years. Regarding dispute resolution, the parenting plan stated that, upon written request, the parties shall attempt to settle a dispute through mediation prior to any court action.

Events leading to this appeal began when Father scheduled a vacation with the child that extended into New Year's Day of 2025. On March 3, 2025, Mother filed a petition for contempt alleging that Father's vacation interfered with her parenting time. The first hearing on Mother's petition was held on March 6, 2025, but because Father had not been

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented. Mother is represented by Tim C. Carrico, Esq.

1

served and requested time to seek counsel, it was continued to March 20, 2025. Neither party asked the family court to enforce the mediation provision in their parenting plan.

At the hearing on March 20, 2025, Father testified that for several years Mother allowed him to keep the child through New Years Day and that he asked Mother for the extra day again in 2025. Mother testified that she rejected his request and invoked strict compliance with the 2017 parenting plan. Additionally, the record reflects that Mother's counsel sent Father a letter dated December 4, 2024, reminding him that his vacation time would not trump Mother's holiday time and informing him that Mother would file a contempt petition if his vacation extended into her New Year's Day. Father confirmed receipt of the letter during the hearing. Father further testified that he responded to the letter by requesting that the parties engage in mediation and alleged that neither Mother nor her attorney acted on his request. The family court entered its final order on March 31, 2025, finding Father in direct contempt of the 2017 parenting plan. The court found that Father received notice of Mother's rejection nearly thirty days before the date in dispute and that his conduct was willful and contumacious. Additionally, the court found that Father filed extensive pleadings, leading the court to believe that he acted with a degree of intimidation. As such, the court then ordered one day of make-up parenting time for Mother and ordered Father to pay reasonable attorney's fees in connection with the contempt case. It is from the March 31, 2025, final contempt order that Father now appeals.

For these matters, we apply the following standard of review.

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises four assignments of error. Because three assignments of error are similar, they will be consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").[3]

---

[3] Father's four assignments of error are as follows: (1) the family court erred when it intentionally failed to adhere to West Virginia Code § 48-9-501; (2) the family court erred when it failed to adhere to West Virginia Code § 48-9-208 and West Virginia Code § 48-9-201 for parental dispute resolution; (3) the family court erred when it failed to recognize the provisions of West Virginia Code § 48-9-208; and (4) the family court erred

2

In his first three assignments of error, Father asserts that the family court erroneously failed to order the parties to mediation as directed in their 2017 parenting plan. In support of his argument, Father cites West Virginia Code § 48-9-201 (2001), § 48-9-208 (2022), and § 48-9-501 (2001), which address various parenting plan issues. We disagree. The record reflects that Father did not submit a motion to the family court, either orally or in writing, requesting enforcement of the mediation provision. During the March 6, 2025, hearing, Father requested a continuance because he was not properly served and needed additional time to seek counsel. During the March 20, 2025, hearing, Father testified that he asked Mother to engage in mediation, but he failed to request or to move for mediation in response to Mother's contempt petition. Because the issue was not preserved for appeal during the family court proceeding, we decline to address it now. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citations and quotations omitted) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal).

In his fourth assignment of error, Father contends that the family court erred by failing to adhere to Rule 21(c) of the West Virginia Rules of Practice and Procedure for Family Court when it scheduled the hearing only five days from the day Father was served.[4] Father argues on appeal that Mother filed her petition for contempt on March 3, 2024, and the family court scheduled the hearing for March 20, 2025, which was only seventeen days later, when he was supposed to have thirty days to respond. Father's argument lacks merit. Our review of the hearing shows that the family court asked Father if he needed additional time, and Father replied that he was ready to proceed pro se, thereby waiving the additional time to which he was entitled. Therefore, we cannot conclude that the family court's decision to move forward with the hearing was erroneous or an abuse of discretion.[5]

Accordingly, we affirm the family court's March 31, 2025, order.

---

when it failed to adhere to Rule 21(c) of the Rules of Practice and Procedure for Family Court.

[4] Rule 21(c) states as follows:

Except for good cause shown and placed on the record, a final hearing shall not be conducted prior to expiration of the time in which the respondent is required to serve an answer. A final hearing must take place within 220 days from the date of the filing of the initial pleading. The Court has the discretion to limit the duration of final hearings.

[5] Father raised an additional assignment of error, but it was later withdrawn.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge S. Ryan White

Judge Daniel W. Greear, not participating